UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JUDY MAY GRAMMER, )<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>AETNA US HEALTHCARE, )<br>JOHN K. HUDSON, and )<br>ANGELA JIBOWU, )<br>    Defendants. ) | 1:06-cv-1856-LJM-WTL |

**ORDER ON DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

This cause is before the Court on Defendants', Aetna US Healthcare ("Aetna")[1], John K. Hudson ("Hudson"), and Angela Jibowu ("Jibowu") (the defendants collectively, "Defendants"), Motion for Judgment on the Pleadings (Docket No. 14). Plaintiff, Judy May Grammer ("Grammer"), brought this action claiming that Defendants acted improperly by transferring her records, terminating her long term disability benefits, and terminating her life insurance.[2] Defendants address the first two of these allegations in their motion and contend that Grammer has failed to state a claim upon which relief can be granted. More specifically, Defendants argue that Grammer has no basis for challenging the transfer of her record and, in any event, that claim and her challenge to the termination of disability benefits are barred by a contractual limitations period.

---

[1] Aetna notes in its motion that its proper name is actually Aetna Life Insurance Company.

[2] Contrary to Defendants' suggestion that Grammer mistakenly referred to "life" insurance in her Complaint when she meant "disability" insurance, the Court concludes from its review of the Complaint and attached materials that Grammer is intending to make a separate allegation concerning her life insurance.

The motion has been fully briefed and is now ripe for ruling. For the reasons stated herein, Defendants' motion is **GRANTED**.

## I. BACKGROUND

Grammer was an employee at The Boeing Company ("Boeing") who became disabled on or about January 22, 1997. Boeing provided its employees with long-term disability ("LTD") coverage based on a group insurance policy issued by Aetna. Grammer began receiving LTD benefits on July 22, 1997, and continued to receive those benefits until they were terminated in October 2000.

In June 2000, Aetna transferred Grammer's LTD file to its Deerfield, Illinois, facility for handling. Hudson, a disability management specialist at Aetna, notified Grammer of the transfer via a letter dated June 8, 2000. He also requested that Grammer provide an update of her current condition. Subsequently, by letter dated August 6, 2000, Hudson advised Grammer that the LTD policy required her to provide proof of continuous total disability. Hudson further indicated that Aetna had no record of any treatment after January 11, 2000. Therefore, he requested that Grammer provide updated information for any therapist, social worker, or health care professional who had provided treatment after that date. Thereafter, on October 6, 2000, Hudson notified Grammer that Aetna had concluded that she was no longer eligible to receive LTD benefits and that those benefits would cease after October 31, 2000. Hudson also advised Grammer of her appeal rights.

Grammer appealed the decision to terminate her LTD benefits. After reviewing Grammer's claim, Aetna upheld the decision to terminate benefits. Jibowu, an appeal coordinator at Aetna, notified Grammer of Aetna's final decision via a letter dated April 3, 2001.

Aetna does not dispute that it transferred Grammer's file or that it terminated her LTD benefits. However, it notes that the insurance policy includes a contractual period of limitations for legal actions, which reads as follows:

> Written proof of total disability must be furnished to [Aetna] within ninety days after the expiration of a qualifying period. Subsequent written proof of the continuance of such disability must be furnished to [Aetna] at such intervals as [Aenta] may reasonably require. Failure to furnish such proof within the time required shall not invalidate nor reduce any claim if it was not reasonably possible to give proof within such time, provided such proof is furnished as soon as reasonably possible and in no event, except in the absence of legal capacity of the employee, later than one year from the time proof is otherwise required. *No action at law or in equity shall be brought to recover on this policy after the expiration of three years after the time written proof of loss is required to be furnished.*

LTD Insurance Policy, Article VI, Section 7, p. 12 (emphasis added).

In addition to the LTD benefits issues, Grammer presents a claim regarding her life insurance. It appears from Grammer's arguments and the materials attached to her Complaint that she received a letter from Boeing dated August 31, 2000. That letter indicates that Grammer's pension benefits were recalculated and would be increased from $238.79 per month to $240.52 per month. It appears that Grammer is alleging that this letter represents notification that her life insurance was being terminated. Grammer also contends that the decision to terminate her life insurance was the result of Aetna's decision to transfer her LTD file to Deerfield, Illinois.

## II. STANDARD FOR JUDGMENT ON THE PLEADINGS

Defendants have moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) ("Rule 12(c)"). When a party moves for judgment on the pleadings under Rule 12(c), the standard is the same as for a motion to dismiss for failure to state a claim under Rule

12(b)(6). *See R.J. Corman Derailment Servs., LLC v. Int'l Union of Operating Eng'rs*, 335 F.3d 643, 647 (7th Cir. 2003). The Court may consider only the pleadings and must view the allegations in the light most favorable to the non-moving party. *See id.* The pleadings include the complaint, answer, and any documents attached thereto as exhibits. *See N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452-53 (7th Cir. 1998). Moreover, "documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim." *Wright v. Assoc'd. Ins. Cos.*, 29 F.3d 1244, 1248 (7th Cir. 1994). The motion may be granted only if it appears beyond any doubt that the plaintiff cannot prove any facts consistent with the complaint that would support a claim for relief. *See Guise v. BWM Mortgage, LLC*, 377 F.3d 795, 798 (7th Cir. 2004).

### III.  DISCUSSION

As an initial matter, the Court notes that Grammer's claims regarding the transfer of her LTD file and termination of LTD benefits appear to be governed by the Employee Retirement Insurance Security Act ("ERISA"). The parties do not dispute that this is the case. Further, as noted, Boeing provided its employees with LTD coverage. Thus, Boeing can be considered the sponsor of an "employee welfare benefits plan" within the meaning of ERISA. *See* 29 U.S.C. §§ 1002-03. Accordingly, the Court concludes that the two claims at issue in the instant motion are governed by ERISA.[3]

---

[3] The Court notes that ERISA permits suits against a plan or the administrator. *See Neuma, Inc. v. AMP, Inc.*, 259 F.3d 864, 872 n.4 (7th Cir. 2001). Because there is no indication that Hudson or Jibowu meet that criteria, they are not proper parties to Grammer's ERISA-based claims.

Turning then to Grammer's claim regarding the transfer of her LTD file, the Court first notes that ERISA was enacted to provide a comprehensive regulatory scheme for employee welfare benefit plans. *See Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 44 (1987). Thus, ERISA § 502(a) (29 U.S.C. § 1132(a)) provides the enforcement mechanisms that are available to Grammer. Nothing in subsection (a) directly addresses the transfer of a participant's file. Therefore, only subsection (a)(1)(B) -- which permits a participant to sue to enforce her rights under the terms of a plan -- could possibly apply to this claim. However, there is nothing in the terms of the LTD insurance policy that would restrict Aetna's ability to reassign a participant's file from one office to another. Therefore, the Court concludes that Grammer's claim regarding the transfer of her file fails as a matter of law.

Even if Grammer did have a viable claim regarding the transfer of her file, Defendants would nonetheless be entitled to judgment. Specifically, that claim, like Grammer's claim regarding the termination of her LTD benefits, would be barred by the contractual limitations period contained within the LTD insurance policy. As the Seventh Circuit has decided, claims under an ERISA plan may be subject to a contractual limitations period provided that the period is reasonable. *See, e.g.*, *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 874 (7th Cir. 1997). In *Doe*, the Seventh Circuit concluded that a thirty-nine month contractual limitations period was reasonable. *See id.* at 875. Similarly, courts have upheld limitations periods where an ERISA plan required that proof of loss be submitted within twelve months following the commencement of disability and barred any actions filed three years after the expiration of that time. *See, e.g.*, *Ingram v. Travelers Ins. Co.*, 897 F. Supp. 1160, 1164-66 (N.D. Ind. 1995), *aff'd* 78 F.3d 586 (7th Cir. 1996).

Likewise, the Court concludes that the limitations period contained within the LTD insurance policy here is reasonable. The policy provides a maximum of one year to submit proof of loss and

bars actions filed more than three years after that time period. Thus, under the most generous reading of this language, Grammer effectively had four years to file suit. She failed to do so, not filing her Complaint until December 29, 2006. Even using the latest date of April 3, 2001, *i.e.*, the date that Grammer's appeal was denied by Aetna, Grammer's Complaint was untimely by more than a year. Accordingly, the Court finds that Defendants' motion must be, and therefore is, **GRANTED** and **DISMISSES with prejudice** Grammer's claims related to the transfer of her file and termination of her LTD benefits.

The final matter to consider is Grammer's contention that Defendants improperly terminated her life insurance. It is not clear what the basis is for this claim or that Grammer's life insurance has actually been terminated. Instead, it appears from Grammer's Complaint and attached materials that Boeing notified Grammer that it had recalculated her monthly pension benefits. Even if that information could be construed as an indication that Grammer's life insurance was being terminated, it is unclear from Grammer's pleadings how Defendants might be liable for that termination. Therefore, Grammer is **ORDERED TO SHOW CAUSE within thirty (30) days of the date of this Order** why her claim regarding the termination of life insurance against the Defendants should not be dismissed with prejudice.

IV.  **CONCLUSION**

For the foregoing reasons, Defendants', Aetna US Healthcare, John K. Hudson, and Angela Jibowu, Motion for Judgment on the Pleadings (Docket No. 14) is **GRANTED**.  Plaintiff's, Judy May Grammer, claims regarding the transfer of her LTD file and termination of LTD benefits are **DISMISSED with prejudice**.

In addition, Plaintiff is **ORDERED TO SHOW CAUSE within thirty (30) days of the date of this Order** why her claim regarding the termination of life insurance against the Defendants should not be dismissed with prejudice.

IT IS SO ORDERED this 28th day of November, 2007.

_____
LARRY J. McKINNEY, CHIEF JUDGE
United States District Court
Southern District of Indiana

**Distributed via U.S. Postal Service to:**

Judy May Grammer
2719 Spring Street
New Castle, IN 47362

**Distributed electronically to:**

Philip John Gutwein II
BAKER & DANIELS
philip.gutwein@bakerd.com

Edward E. Hollis
BAKER & DANIELS
eehollis@bakerd.com